UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SHANNON COPELAND,

    *Petitioner*,

v.                        Case No. 4:14cv631-MW/EMT

JULIE L. JONES, et al.,

    *Respondent*.

_____/

**ORDER DISMISSING PETITION FOR
WRIT OF HABEAS CORPUS AND DENYING
CERTIFICATE OF APPEALABILITY**

The petitioner Shannon Copeland asks for a writ of habeas corpus. The asserted grounds are ineffective assistance of counsel and an involuntary guilty plea, both related to a 2007 charge and conviction of resisting arrest with violence. ECF No. 1. The respondent, the Secretary of the Florida Department Corrections, moves to dismiss. On January 19, 2016, Ms. Copeland mailed an 8-page typed reply, which the Clerk received on January 25, 2016. ECF No. 28. On this record, the magistrate judge found that the one-year period of limitation in the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. 2244(d)(1), expired in 2008. The magistrate judge also found that Ms. Copeland had not satisfied the

1

requirements of the actual-innocence exception to that limitation period or shown that the period should be equitably tolled. The magistrate judge recommended that the motion should granted, the petition dismissed as untimely, and a certificate of appealability denied. This Court has reviewed the record and Ms. Copeland's objections *de novo*, without a hearing.

In her objections, Ms. Copeland argues that the actual-innocence exception applies and the limitations period should be tolled. *See* ECF No. 32. In the report and recommendation, the magistrate judge fully addressed these issues and correctly concluded that Ms. Copeland failed to satisfy the requirements of the actual-innocence exception or equitably tolling of the limitations period.

Additionally, Ms. Copeland filed a handwritten 9-page reply which appears to have the same text as the typed version.[1] A number of documents are attached as exhibits. It is not entirely clear whether this material was mailed on January 19, 2016, or February 5, 2016. *See* ECF No. 31-1, at 1. The Clerk entered it on the docket on February 18, 2016, after the magistrate judge completed

---

[1] From a comparison of the two, it appears that the typed pages in ECF No. 28 are out of order.

the report and recommendation. But, regardless whether this second reply was timely, this Court has reviewed the second reply and exhibits and concludes that there is nothing within it to change the conclusion that the habeas petition is untimely.

Accordingly,

**IT IS ORDERED:**

1. The report and recommendation, ECF No. 30, is **ACCEPTED** and **ADOPTED**, over Petitioner's objections, as this Court's opinion.

2. Respondent's motion to dismiss, ECF No. 16, is **GRANTED**.

3. The Clerk must enter judgment stating "The petition for writ of habeas corpus, ECF No. 1, is **DISMISSED** with prejudice as untimely. A Certificate of Appealability is **DENIED**."

4. The Clerk must close the file.

**SO ORDERED on March 4, 2016.**

          <u>s/Mark E. Walker</u>
          **United States District Judge**